IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

HEIDI and ERNEST ANGLIN, )
husband and wife separately )
and the marital community )
composed thereof, )
) No. 2:18-CV-00507
        Plaintiffs, )
) FIRST AMENDED COMPLAINT AND
    v. ) JURY DEMAND
)
MERCHANTS CREDIT CORPORATION )
a Washington State corporation )
and JASON WOEHLER, on belief, )
a single man, )
)
        Defendants. )
_____)

## I. INTRODUCTION

1.  This case arose when certain creditors assigned unpaid medical debts of Ernest Anglin ("Ernest") and Heidi Anglin ("Heidi") ("the Anglins") and their marital community to Merchants Credit Corporation ("Merchants") for collection and then filed suit on them.  Defendant, Jason Woehler ("Woehler") was the attorney for Merchants.  The debts comprised insurance co-pays and deductibles that the Anglins' insurance plan did not pay.  Woehler filed lawsuit No. CV16-0993 in Whatcom County District Court ("Lawsuit") against the Anglins on behalf of Merchants.

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

2   "Ernest's debts" are identified in the following table:

| Debtor # | Reference | Srvc Date | Balance | Assign Dt | Provider* |
|---|---|---|---|---|---|
| 3365919 | ANGER000 | 06/27/11 | 213.12 | 10/18/13 | Bellingham Back |
| 3409436 | 0032031649 | 06/13/13 | 815.13 | 12/04/13 | PeaceHealth St Joe Med Ctr |
| 3567486 | 18432899 | 08/16/13 | 173.00 | 04/02/14 | PeaceHealth Medical Group |
| 3989325 | 271566 | 05/13/14 | 25.00 | 03/20/15 | PeaceHealth Medical Group |
| 3989327 | 271566 | 05/13/14 | 13.73 | 03/20/15 | PeaceHealth Medical Group |
| 3989329 | 271566 | 05/13/14 | 17.90 | 03/20/15 | PeaceHealth Medical Group |
| 3989333 | 271566 | 05/27/14 | 5.19 | 03/20/15 | PeaceHealth Medical Group |
| 3989336 | 271566 | 05/27/14 | 83.86 | 03/20/15 | PeaceHealth Medical Group |
| 3989340 | 271566 | 06/02/14 | 5.00 | 03/20/15 | PeaceHealth Medical Group |
| 3989344 | 271566 | 06/20/14 | 43.85 | 03/20/15 | PeaceHealth Medical Group |
| 4288080 | 2616252 | 12/05/14 | 68.76 | 12/28/15 | PeaceHealth Medical Group |

3. "Heidi's debts" are identified in the following table:

| Debtor # | Reference | Srvc Date | Balance | Assign Dt | Provider* |
|---|---|---|---|---|---|
| 2793146 | 15016529 | 09/26/11 | 25.00 | 02/29/12 | PeaceHealth Medical Group |
| 2997399 | 15968897 | 03/29/12 | 30.10 | 09/19/12 | PeaceHealth Medical Group |
| 3162523 | 16634634 | 08/01/12 | 513.48 | 03/06/13 | PeaceHealth Medical Group |
| 3333532 | 17945411 | 04/17/13 | 25.00 | 09/18/13 | PeaceHealth Medical Group |
| 3650859 | 125881 | 10/10/13 | 187.50 | 06/11/14 | PeaceHealth Medical Group |
| 3651670 | 125881 | 10/10/13 | 25.00 | 06/11/14 | PeaceHealth Medical Group |
| 3651776 | 125881 | 10/15/13 | 25.00 | 06/11/14 | PeaceHealth Medical Group |
| 4223901 | 1600006788 | 05/26/15 | 20.00 | 11/13/15 | PeaceHealth Medical Group |

4.   Merchants, through Woehler in the Lawsuit, sought and obtained judgments against Heidi and Ernest which discriminated on the basis of marital status in violation of 15 USC § 1691("ECOA")[1].   It also violated 15 U.S.C. § 1692 ("FDCPA")[2] when

1.  Henceforth ECOA and 1691 refer to 15 U.S.C. §1691. et seq.

2.  Henceforth FDCPA and 1692 refer to 15 U.S.C. §1692. et seq.

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 2/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

it sought and obtained judgment against the separate estates of Heidi and Ernest and attempted to garnish Heidi's paycheck before there was a final judgment in the case.  In the same manner, it violated RCW 19.16, the Washington Collection Agency Act ("WCAA"),[3] and through it, RCW 19.86, and the Washington Consumer Protection Act (WCPA)[4] and the WCPA.

**II.**

**JURISDICTION**

5.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 1692k(d), 1691e(f), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

**III. VENUE**

6.  Venue in this judicial district is proper pursuant to 28 U.S.C. 1391(b), 1692k(d), and 1691e(f), for Defendants transact business in this judicial district and Plaintiffs resided in this judicial district at the time of the events described in this complaint.  They have since moved to Eastern Oregon.

**IV. CREDITORS**

**A. FDCPA**

7.  PeaceHealth Medical Group ("PHMG")is a creditor of

3.  Henceforth WCAA and 19.16 refer to RCW 19.16.

4.  Henceforth WCPA and 19.86 refer to RCW 19.86.

| FIRST AMENDED COMPLAINT AND JURY DEMAND - 3/27<br>No. 2:18-CV-00507<br>Anglin | JAMES STURDEVANT<br>ATTORNEY AT LAW<br>119 N. Commercial St. Ste. 920<br>Bellingham, WA 98225<br>ph (360) 671-2990 fax (360) 483-5970<br>email: sturde@openaccess.org |
|---|---|

Ernest as defined in 1692a(4) for it is "...[a] person who offers or extends credit, creating a debt or to whom a debt is owed."

8.  The money Ernest owed PHMG was a debt as defined in 1692a(5), for it arose out of a transaction that was primarily for personal, family or household purposes, to wit, medical bills.

9.  PeaceHealth St. Joseph Medical Centers ("PHSJMC") is a creditor of Ernest as defined in 1692a(4), for it is "...[a] person who offers or extends credit creating a debt or to whom a debt is owed," to wit, medical bills.

10.  The money Ernest owed PHSJMC was a debt as defined in 1692a(5), for it arose out of transactions that were primarily for personal, family or household purposes, to wit medical bills.

11.  Bellingham Back and Neck Clinic ("BBNC")is a creditor of Ernest as defined in 1692a(4), for it is "...[a] person who offers or extends credit creating a debt or to whom a debt is owed."

12.  The money Ernest owed BBNC was a debt as defined in 1692a(5), for it arose out of transactions that were primarily for personal, family or household purposes, to wit, medical bills.

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 4/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

13.   PHMG is a creditor of Heidi as defined in 1692a(4), for it is "...[a} person who offers or extends credit creating a debt or to whom a debt is owed."

14.   The money Heidi owed PHMG was a debt as defined in 1692a(5), for it arose out of transactions that were primarily for personal, family or household purposes, to wit, medical bills.

**B. ECOA**

**I.   PSJMC**

15.   PHSJMC is a person as defined in ECOA 1691(f) and Regulation B, 12 C.F.R. 1002.2(x)[5]

16.   PHSJMC is a creditor as defined in ECOA 1691a(f) and 1002.2(j).

17.   PHSMJC extends credit as defined in ECOA 1691a and 1002.2.(q)

18.   Ernest was an applicant to PHSMJC as defined in 1691a(b) and Reg. B 1002.2(e).

19.   Ernest applied for credit with PHSMJC as defined in Reg. B 1002.2(f).

20.   Ernest applied for consumer credit with PHSMJC as defined in Reg. B 1002.2(h).

5.  Henceforth Reg. B and 1002 refer to 12 C.F.R. 1002.

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 5/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

21.   Ernest entered into a credit transaction with PHSJMC as defined in Reg. B. 1002.2(m).

22.   PHSMJC extended credit to Ernest as defined in Reg. B 1002.2(h).

23.   Ernest became contractually liable to PHSMJC as defined in Reg. B 1002.2(i).

## II.   PHMG - ERNEST

24.   PHMG is a person as defined in ECOA 1691(f) and Regulation B, 12 C.F.R. 1002.2(x).

25.   PHMG is a creditor as defined in ECOA 1691a(f) and 1002.2(j).

26.   PHMG extends credit as defined in ECOA 1691a and 1002.2.(q).

27.   Ernest was an applicant to PHMG as defined in 1691a(b) and Reg. B 1002.2(e).

28.   Ernest applied for credit with PHMG as defined in Reg. B 1002.2(f) for consumer credit Reg. B 1002.2(h).

29.   Ernest applied for consumer credit with PHMG as defined in Reg. B 1002.2(h).

30.   Ernest entered into a credit transaction with PHMG as defined in Reg. B. 1002.2(m).

31.   PHMG extended credit to Ernest as defined in Reg. B 1002.2(h).

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 6/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

32.   Ernest became contractually liable to PHMG as defined in Reg. B 1002.2(i).

### III.   BBNC

33.   BBNC is a person as defined in ECOA 1691(f) and Regulation B, 12 C.F.R. 1002.2(x).

34.   BBNC is a creditor as defined in ECOA 1691a(f) and 1002.2(j).

35.   BBNC extends credit as defined in ECOA 1691a and 1002.2.(q)

36.   Ernest was an applicant to BBNC as defined in 1691a(b) and Reg. B 1002.2(e).

37.   Ernest applied for credit with BBNC as defined in Reg. B 1002.2(f).

38.   Ernest applied for consumer credit with BBNC as defined in Reg. B 1002.2(h).

39.   Ernest entered into a credit transaction with BBNC as defined in Reg. B. 1002.2(m).

40.   BBNC extended credit to Ernest as defined in Reg. B 1002.2(h).

41.   Ernest became contractually liable to BBNC as defined in Reg. B 1002.2(i).

### IV.   PHMG - HEIDI

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 7/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

42.   PHMG is a person as defined in ECOA 1691(f) and Regulation B, 12 C.F.R. 1002.2(x).

43.   PHMG is a creditor as defined in ECOA 1691a(f) and 1002.2(j).

44.   PHMG extends credit as defined in ECOA 1691a and 1002.2.(q).

45.   Heidi was an applicant to PHMG as defined in 1691a(b) and Reg. B 1002.2(e).

46.   Heidi applied for credit with PHMG as defined in Reg. B 1002.2(f).

47.   Heidi applied for consumer credit with PHMG as defined in Reg. B 1002.2(h).

48. Heidi entered into a credit transaction with PHMG as defined in Reg. B. 1002.2(m).

49.   PHMG extended credit to Heidi as defined in Reg. B 1002.2(h).

50.   Heidi became contractually liable to PHMG as defined in Reg. B 1002.2(i).

### ASSIGNMENT TO MERCHANTS

51.   When PHSJMC assigned its claims against Ernest to Merchants for collection, Merchants participated in a credit transaction as defined in 1691a(e) and Reg. B 1002.2(m) and became subject to the ECOA.

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 8/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

52.   When PHMG assigned its claims against Ernest to Merchants for collection, Merchants participated in a credit transaction as defined in 1691a(e) and Reg. B 1002.2(m), and became subject to the ECOA.

53.   When BBNC assigned its claims against Ernest to Merchants for collection, Merchants participated in a credit transaction as defined in 1691a(e) and Reg. B 1002.2(m) and became subject to the ECOA.

54.   When PHMG assigned its claims against Heidi to Merchants for collection, Merchants participated in a credit transaction as defined in 1691a(e) and Reg. B 1002.2(m), and became subject to the ECOA.

### C. WCAA

### ERNEST

55.   Ernest is a person as defined in 19.16.100(11).

56.   Ernest is a debtor as defined in 19.16.100(7).[6]

57.   Ernest owes a claim as defined in 19.16.100(2) to PHMG.[7]

58.   Ernest owes a claim as defined in 19.16.100(2) to PHSJMC.

---

6.  19.16.100(7)  ""Debtor" means any person owing or alleged to owe a claim."

7. 19.16.100(2) ""Claim" means any obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 9/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

59.  Ernest owes a claim as defined in 19.16.100(2) to BBNC.

HEIDI

60.  Heidi is a person as defined in 19.16.100(11).

61.  Heidi is a Debtor as defined in 19.16.100(7).

62.  Heidi owes a claim as defined in 19.16.100(2) to PHMG.

**IV. PARTIES**

**PLAINTIFF**

63.  Heidi and Ernest Anglin ("Anglin") are husband and wife and a marital community under the laws of the state of Washington ("Community estate").

64.  Under Washington State law, Heidi has a separate estate and liabilities ("Heidi separate estate").

65.  Under Washington State law, Ernest has a separate estate and liabilities ("Ernest separate estate").

**DEFENDANT MERCHANTS CREDIT CORPORATION**

66.  Merchants is a Washington State for profit corporation.

67.  Merchants is a debt collector as defined in 1692a(6).

68.  It is also a creditor as defined in 1691a(e) and  Reg. B 1002.2(m).

69.  Merchants does business at 2245 152nd Ave. NE, Redmond, WA 98052.

70.  It is registered with the Washington State Department of Revenue as a collection agency.

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 10/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

71.   It is registered with the Corporate Division of the Washington State Secretary of State.

72.   The principal purpose of Merchants is the collection of debts using the mails and telephone.

73.   Merchants is a collection agency as defined in 19.100(5)(a).

74.   Merchants is a licensee as defined in 19.16.100(9).

75.   Merchants regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

76.   Merchants regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

77.   Merchants participated in a credit transaction under the ECOA as defined in 1691a(e) and Reg. B 1002.2(m).

**JASON WOEHLER**

78.   Jason Woehler is an attorney licensed with the Washington State Bar Association.

79.   He regularly collects debts using the mails and telephone.

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

80.   Because he regularly collects debts using the mails and telephone, he is a debt collector as defined in 1692a(6).  See *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d (1995).

81.   His office is in Redmond, WA.

82.   Woehler participated in a credit transaction under the ECOA as defined in 1691a(e) and Reg. B 1002.2(m).

83.   Woehler regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

84.   Woehler regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**ECOA VIOLATION**

85.   Merchants and Woehler violated the ECOA when they filed the lawsuit to collect the debts at issue in Whatcom County District Court.

86.   Under the ECOA, Ernest, in incurring the PHSJMC credit, contractually bound his separate estate and the marital community.

---

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 12/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

87.   Under the ECOA, Ernest, in incurring the PHMG credit, contractually bound his separate estate and the marital community.

88.   Under the ECOA, Ernest, in incurring the BBNC credit, contractually bound his separate estate and the marital community.

89.   Under the ECOA, Heidi, in incurring the PHMG credit, bound her separate estate and the marital community.

90.   Under the ECOA, a creditor may not require the separate liability and estate of the non-contracting spouse as a condition of extending credit.

91.   Under the ECOA, PHMG could not require Heidi to sign its credit contract with Ernest.

92.   Under the ECOA, PHSJMC could not require Heidi to sign its credit contract with Ernest.

93.   Under the ECOA, BBNC could not require Heidi to sign its credit contract with Ernest.

94.   Under the ECOA, PHMG could not require Ernest to sign its credit contract with Heidi.

### ECOA VIOLATION

95.   The purpose of § 1691 is "to make credit available with fairness, impartiality and without discrimination on the basis of sex or marital status.

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 13/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

96.   Attached as Exhibit "A." is a true and correct copy of the Lawsuit complaint.

97.   The Lawsuit complaint, in violation of the ECOA, prays for judgment against Heidi's separate estate for Ernest's debts.

98.   The Lawsuit complaint, in violation of the ECOA, seeks judgment against Ernest's separate estate for Heidi's debts.

99.   Attached as Exhibit "B" is a true and correct copy of a judgment in the Lawsuit.

100.  The judgment, in violation of the ECOA, makes Heidi's separate estate liable for Ernest's debt.

101.  The judgment, in violation of the ECOA, makes Ernest's separate estate liable for Heidi's debts.

102.  The complaint and the judgment violate ECOA 1691(a)(1) and Reg. B 1002.2(e) by imposing the separate liability.  None of the creditors could require separate liability as a condition of the credit.  Yet, after the credit was extended, the complaint asked for and the judgment made the separate estates of Heidi and Ernest liable.

103.  In support of their argument, Defendants will probably cite RCW § 26.16.205 ("Necessaries statute"), the relevant part of which reads: "The expenses of the family...are chargeable upon the property of both spouses...or either of them, and they may be sued jointly or separately."

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

104.   The Necessaries statute violates the ECOA by making Ernest's separate estate an involuntary applicant, as defined in 1691a(b), and Reg. B 1002.2(e) for the credit PHMG extended to Heidi.

105.   The Necessaries statute violates the ECOA by making Heidi's separate estate an involuntary applicant, as defined in 1691a(b) and Reg. B 1002.2(e), for the credit PHSJMC extended to Ernest.

106.   The Necessaries statute violates the ECOA by making Heidi's separate estate an involuntary applicant, as defined in 1691a(b) and Reg. B 1002.2(e) for the credit PHSJMC extended to Ernest.

107. The Necessaries statute makes Heidi's separate estate an involuntary applicant as defined in 1691a(b) and Reg. B 1002.2(e) for the credit BBNC extended to Ernest.

108. RCW § 26.16.205 makes the separate estate of one spouse the involuntary guarantor and co-applicant of the medical debt of the other spouse after the fact in violation of the ECOA.

**FACTS**

109.   Plaintiffs hereby repeat, re-allege and incorporate by reference all other paragraphs.

110.   The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The purpose of Congress

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 15/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

in enacting the FDCPA in 1978, as stated in § 1692, is to prevent unfair, untrue, undignified and disrespectful collection practices.  The enforcement provisions exist to prevent a collection agency that ignores the FDCPA and other applicable collection laws from obtaining an unfair advantage over those who follow them.

111.  The judgment Exhibit "B" was not a final judgment under CRLJ 54 because there remained an undecided counterclaim and a third-party claim.

112.  Under the rule in *Flour Enters., Inc. v. Walter Constr., Ltd.,* 141 Wn. App. 761, 172 P.3d 368 (2007), a party may only attempt to collect a final judgment.

113.  In spite of the absence of a final judgment, Merchants through Woehler, obtained a writ of garnishment against Heidi's employer, Safeway.  A copy of the writ of garnishment is attached Exhibit "C."

114.  It is uncertain how Merchants knew Heidi worked at Safeway, for she had been unemployed and had just started working there, but must have contacted a third party to obtain the information.

115.  Merchants and Woehler, in obtaining the writ of garnishment, did not notify the Anglins' attorney as required by CRLJ 5 that they were obtaining the writ.

FIRST AMENDED COMPLAINT AND JURY DEMAND - 16/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

116.  Merchants and Woehler had the writ served on Safeway.

117.  At the same time they sent the notifications of RCW 6.27.130 and any other notice required by the chapter directly to Heidi and did not send them to their attorney.

118.  Heidi controverted the garnishment.  The judge in the lawsuit quashed the writ of garnishment.

119.  Safeway returned the money garnished back to Heidi.

### FDCPA VIOLATIONS.

### 1692b(6)

120.  Merchants violated 1692b(6) for it communicated directly with Heidi after it knew that she was represented by an attorney when it sent her the RCW 6.27.130 garnishment notices for the invalid garnishment.

121.  Woehler violated 1692b(6) when he communicated directly with Heidi after he knew that she was represented by an attorney when he sent her the RCW 6.27.130 garnishment notices for the invalid garnishment.

### 1692c

122.  Merchants violated 1692c(b) when it communicated with third parties to find that Heidi worked at Safeway.

123.  Merchants violated 1692c(b) when it sent Safeway the invalid garnishment.

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 17/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

124.  Woehler violated 1692c(b) when he sent Safeway the invalid garnishment.

**1692e - GENERAL**

125.  Merchants violated 1692e general when it made false, deceptive or misleading representations to Whatcom County District Court, to Heidi, and to Safeway when it made the false, deceptive and misleading representations that it had the legal right to obtain and then serve the writ of garnishment and that it could take a judgments against Heidi's separate estate and Ernest's separate estate.

126.  Woehler violated 1692e general when he made false, deceptive or misleading representations to Whatcom County District Court, to Heidi, and to Safeway that Merchants had the legal right to obtain a writ of garnishment without notice to Heidi's attorney, and then serve the writ of garnishment.

**1692e(2)**

127.  Merchants violated 1692e(2) when it misrepresented the character, amount and the legal status of the debt to Whatcom County District Court, Heidi, and Safeway by alleging that it had the right to obtain a writ of garnishment when it obtained and then served the writ of garnishment on Safeway to collect the debt.

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 18/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

128. Woehler violated 1692e(2) when he misrepresented the character, amount and the legal status of the debt to Whatcom County District Court, Heidi, and to Safeway in collecting the debt that Merchants had the right to obtain the writ of garnishment when it obtained and then served the writ of garnishment on Safeway.

**1692e(5)**

129. Merchants violated 1692e(5) when it threatened to take any action that it could not legally take or that was not intended to be taken when it represented to Whatcom County District Court, Heidi, and Safeway in collecting the debt that it had the right to obtain a writ of garnishment when it obtained and served the writ of garnishment on Safeway. *See Servatron, Inc. v. Intelligent Wireless Prods., Inc.*, 186 Wn. App. 666,678-80, 346 P.3d 831 (2015)(Default judgment obtained after appearance is void).

130. Woehler violated 1692e(5) when he threatened to take action that he could not legally take or that he did not intend to take to Whatcom County District Court, Heidi, and to Safeway in collecting the debt that Merchants had the right to obtain the writ of garnishment when it obtained and then served the writ of garnishment on Safeway. *See Servatron, Inc. v. Intelligent*

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 19/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

*Wireless Prods., Inc.*, 186 Wn. App. 666,678-80, 346 P.3d 831 (2015)(Default judgment obtained after appearance is void).

131.   Merchants violated 1692e(5) when it threatened to take any action that it could not legally take or that was not intended to be taken when it obtained the writ of garnishment without giving notice to Heidi's attorney as required by CRLJ 5.

132.   Woehler violated 1692e(5) when he threatened to take any action that it could not legally take or that was not intended to be taken when it obtained the writ of garnishment without giving notice to Heidi's attorney as required by CRLJ 5.

**1692e(13)**

133.   Merchants violated 1692e(13) when it represented to Safeway and to Heidi that the writ of garnishment were legal documents, when they were not.

134.   Woehler violated 1692e(13) when he represented to Safeway and to Heidi that the writ of garnishment were legal documents, when they were not.

**1692f – GENERAL**

135.   Merchants violated 1692f by using unfair or unconscionable means to collect or attempt to collect the debt from Heidi as outlined above in paragraphs 109-119.

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

136.   Woehler violated 1692f by using unfair or unconscionable means to collect or attempt to collect the debt from Heidi as outlined above in paragraphs 105 - 115.

**WCAA & WCPA**

137.   In violating the ECOA and the FDCPA, Merchants violated WCAA RCW 19.16.250 *et* seq., and through it, the WCPA, RCW 19.86.

138.   With the ECOA and FDCPA violations, Merchants also violated the WCPA independent of any WCAA violation.

139.   Merchants violated 19.16.250 of WCAA  as follows:

A. .250(d) by communicating with a third party about the claim when the claim had not been reduced to judgment.

B.  .250(12) by communicating with Heidi by sending the RCW 6.27.130 garnishment notices to Heidi when she was represented by an attorney.

C.  .250(14) when it sent Heidi the RCW 6.27.130 garnishment notices which were not legal process.

D.  .250(15) by attempting to collect from Heidi with garnishment the attorney's fees, service fees or any other fees which it could not add to Heidi's legal obligation.

E.  .250(16) by threatening to take a legal action which it could not take, the garnishment of Heidi's wages, the failure to

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

notify her attorney as required by CRLJ 5 of the application for

the writ of garnishment, and obtaining judgment against the

separate estates of Heidi and Ernest as outlined above.

F.  In violating the FDCPA and the ECOA, Merchants violated

RCW 19.16.250(16), the above sections of the WCAA

141.  Under RCW 19.16.440 violations of 19.16.250 of the

WCAA are violations of the WCPA.

## VIII. DAMAGES

140.  Plaintiffs are entitled to the following damages:

FDCPA

A.  Under 1692k(a)(1) & (2), actual damages, including

emotional distress, statutory damages of $1,000 for each

plaintiff and against each defendant, for a total of $4,000;

B.  Costs and attorney's fees.

ECOA

A.  Under 1691e(a) & (b), actual damages, statutory damages

of $10,000 for each plaintiff and against each defendant, for a

total of $40,000;

B. Costs and attorneys' fees.

CPA

Only against Merchants, RCW 19.86.090:

A.  Actual damages;

B.  Treble damages not to exceed $25,000;

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

C.   Costs and attorney's fees

## IX. Claims

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

141.   Plaintiffs bring the first claim for relief against Defendants under the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.*  Plaintiffs repeat, re-allege and incorporate by reference all other paragraphs.

142. Defendants' acts and omissions violated 1691b(6), 1692c(b), 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692e(13), 1692f, and 1692f(1).  The acts and omissions violating the ECOA and the FDCPA also violate RCW § 19.16.250(16) and RCW § 19.86.020, the violation of which, in turn is a violation of the FDCPA.

### SECOND CAUSE OF ACTION
### NEGLIGENCE

143.   Plaintiffs repeat re-allege, and incorporate by reference all other paragraphs.

144.   Defendants had a duty to collect the debts from Plaintiffs in accordance with the FDCPA, ECOA and RCW § 19.16, Washington Collection Agency Act ("WCAA").

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

145.  In their violations, they violated their duties to Plaintiffs.

146.  In violating their duties, they caused damage to the plaintiffs.

147.  Plaintiffs were harmed and suffered injury, as described above, as a result of the defendants violating their duties to the plaintiffs.

148.  Each of the defendants had a duty to ensure that their collection actions were conducted properly.

149.  Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

150.  Defendants were negligent, among other reasons, for one of the following errors or omissions: failure to use reasonable care in administering accounts and debt collection activities, furnishing inaccurate information to the Court in the lawsuit, or failing to furnish accurate information in the process of collecting their debts.

**THIRD CAUSE OF ACTION**
**ECOA**

151.  Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs.

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 24/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

152.  The complaint and the judgment violate ECOA 1691(a)(1) and Reg. B 1002.2(e) by discriminating in granting credit conditioned on marital status.

**FOURTH CAUSE OF ACTION**
**WASHINGTON CONSUMER PROTECTION ACT**

153.  Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs.

154.  Violations of RCW § 19.16.250(16), the FDCPA and the ECOA under RCW § 19.16.440 are an unfair or deceptive act or practice under RCW § 19.86.020.  Under RCW § 19.86.090, Plaintiffs may bring this action.

155.  The allegations herein meet the five-prong test of *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85 (1986).

A.  The allegations allege that Defendants engaged in an unfair or deceptive act or practice under RCW § 19.86.020 through RCW § 19.16.440.  The allegations also form the basis for an independent violation of RCW § 19.86.020.

B.  In this Complaint, Merchants is a debt collector collecting claims/debts.  In collecting claims/debts, Merchants' actions were performed in trade or commerce.

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

C.  Defendants' unfair and deceptive practices in violating the ECOA and FDCPA affect the public interest under RCW 19.86.093(1), for RCW 19.16.440 incorporated RCW 19.86 into RCW 19.16.  They also affected the public interest under RCW. 19.86 (3)(b) & (c) for their unfair and deceptive practices had and have the capacity to injure.

D.  Plaintiffs' property was injured as a result of Merchants' unfair and deceptive practices when Merchants took judgments in the lawsuit against the separate estates of each spouse, the illegal garnishment of Heidi's wages and their need to hire an attorney to represent them, among other things.

E.  The unfair practices described herein caused the injury to Plaintiffs.

### X. JURY TRIAL DEMAND

156.  Plaintiffs are entitled to and hereby demand a trial by jury.

### XI. PRAYER

**WHEREFORE**, Plaintiffs pray that the Court grants the following:

1.  A finding that Defendants violated the FDCPA and the ECOA, were negligent when they violated the FDCPA and the ECOA, and a finding that they violated the WCAA and the WCPA and violated both in violating the FDCPA and the ECOA;

---

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 26/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

2.   FDCPA: Damages pursuant to 15 U.S.C. § 1692k(a)(1) & (2) for statutory damages for each Plaintiff against each Defendant for a total of $4,000, actual damages, costs and attorney's fees;

3.   NEGLIGENCE: Damages for negligence;

4.   WCAA & WCPA:  Actual damages, treble damages not to exceed $25,000, costs and attorney's fees pursuant to RCW § 19.86.090;

5.   ECOA:  Under 1691e(a) & (b), for statutory damages of $10,000 on behalf of each Plaintiff against each Defendant for a total of $40,000, actual damages, costs and attorney's fees.

6.   Such other and further relief as the Court deems just and proper.

DATED this 6th day of April 2018.


/s   James Sturdevant
James Sturdevant WSBA #8016
Attorney for the Plaintiff

FIRST AMENDED COMPLAINT AND JURY
DEMAND - 27/27
No. 2:18-CV-00507
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org