UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HEIDI and ERNEST ANGLIN, wife and husband separately and the marital community composed thereof,

Plaintiffs,

v.

MERCHANTS CREDIT CORPORATION, A Washington State Corporation and JASON WOEHLER, on belief, a single man,

Defendants.

CASE NO. 2:18-cv-00507-BJR

ORDER DENYING DEFENDANTS' MOTION FOR CLARIFICATION AS TO SCOPE OF REMAINING CLAIMS AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT

This matter involves the claim of a husband and wife that Defendants violated several federal and state fair debt collection statutes during the course of a debt collection action in Whatcom County District Court. *See* Dkt. No. 32 at 1–3 (previous Court order setting forth the facts of this case). The case was initially dismissed by the District Judge. *Id.*[1] On appeal, the Ninth Circuit reversed on Plaintiffs' Fair Debt Collection Practices Act, Consumer Protection Act,

---

[1] This matter was at the time assigned to Judge John C. Coughenour. Since that time, the matter has been reassigned to the undersigned. Dkt. No. 46.

1

and negligence claims, while affirming the Court's dismissal of Plaintiffs' Equal Credit Opportunity Act claim. Dkt. No. 39.

Before the Court are two motions. The first is Defendants' Motion for Clarification as to Scope of Remaining Claims. Dkt. No. 45. The Motion seeks clarification as to which of Plaintiffs' claims remain, and their scope, after the Ninth Circuit's Opinion. The second motion is Plaintiffs' Motion for Leave to File Plaintiffs' Proposed Second Amended Complaint. Dkt. No. 50. By means of the filing of an amended complaint, Plaintiffs seek to conform their claims to the Ninth Circuit's Opinion.

Under Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading in this situation "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The Rule directs district courts to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Ninth Circuit has added that leave should be granted "with 'extreme liberality.'" *Brown v. Stored Value Cards, Inc.*, No. 18-35735, 2020 WL 1240913, at *5 (9th Cir. Mar. 16, 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)).

The Court will grant Plaintiffs leave to file their Second Amended Complaint. The filing of the Amended Complaint will focus this matter on Plaintiffs' remaining claims, as they see them, and fulfill the purpose of Defendants' Motion for Clarification by providing a revised pleading stating the basis for Plaintiffs' claims. To the extent that Defendants disagree with the scope of the claims pled in the Seconded Amended Complaint in light of the Ninth Circuit's Opinion, Defendants may bring any motions they deem warranted.

For the foregoing reasons, the Court hereby DENIES Defendants' Motion for Clarification as to Scope of Remaining Claims and GRANTS Plaintiffs' Motion for Leave to File Plaintiffs'

Proposed Second Amended. Plaintiffs are directed to refile their Second Amended Complaint so as to include the changes proposed in Dkt. No. 58-3. The Second Amended Complaint shall be filed within ten days of this Order.

DATED this 14th day of April, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE