HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| | |
|---|---|
| HEIDI and ERNEST ANGLIN, husband and wife separately and the marital community composed thereof, )<br><br>Plaintiffs, )<br><br>v. )<br><br>MERCHANTS CREDIT CORPORATION a Washington State corporation and JASON WOEHLER, on belief, a single man, )<br><br>Defendants. ) | No. 2:18-CV-00507 - BJR<br><br>RESPONSE TO DEFENDANTS (SECOND) MOTION TO DISMISS (DOC 67) |

COME NOW the plaintiffs1, by and through their attorney, James Sturdevant, and for their response to defendants (second) Motion to Dismiss (DOC 67)  (MTDII) state the following:

### I. -  Negligence

Plaintiffs hereby withdraw their negligence count.

### II. -   Woehler Consumer Protection Action

Plaintiffs have made no allegations in their Amended Complaint (Doc. 61) against Defendant, Jason Woehler based on the Consumer Protection Act ("WCPA")  (RCW 19.86, *et*

RESPONSE TO MOTION TO DISMISS - 1/10
Case No. 2:18-CV-00507 - BJR
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

*seq.*).  Doc 61 p. 19  paragraph 4, the prayer for relief for WCAA and WCPA damages does not

explicitly exclude him, but the absence of WCAA and WCPA allegations against him, would

exclude him.

### III.   Claims Splitting

The defendants appear to ask this court to reverse the court of appeals opinion (Doc 39)

The court of appeals in (Doc 39, pp. 2 & 3) held that Washington state res judicata law,

including claims splitting, applied.  The trial court in its opinion (Doc 32 p. 5) also held that

Washington state res judicata law, including claims splitting, applied to the facts of this case.

Defendants in the instant motion (" MTDII") only cite one Washington State case.[1]  All of the

rest of the cases are federal cases.  The defendants make no effort to explain why these federal

cases should apply to this case, when the both the court of appeals and the trial court have ruled

that Washington State res judicata rules apply.  Defendants cited one case *Stone v. Dep't of*

*Aviation, 453 F.3d 1271 (10th Cir. 2006)* that reinforces the Anglin's position.  The 11th Cir.

held that Colorado' counterclaim procedural rule Colo. R. Civ.13(a) applied to the case before it.

It stated about the claim before what is the Anglin's position in the instant case:

> 1280 "By contrast, principles of claim preclusion only oblige a *defendant* to assert a
> compulsory counterclaim as required by state law. And the Colorado compulsory-
> counterclaim rule relevant here requires only that a defendant assert any matured
> counterclaim in existence *at the time the defendant files his initial responsive pleading* in
> that state-court action.  CC necessity only must be filed for what is in existence at the
> time D files his response. That is, Colorado's compulsory-counterclaim rule, *Colo. R. Civ.*
> *P. 13(a),* requires us to look only at one discrete moment in time-the time the defendant
> files the responsive pleading in which he could first assert his claim-to determine whether
> that counterclaim should be deemed a compulsory counterclaim.(Citations omitted)."

---

1.  *Lindgren v. Lindgren,* 58 Wn. App. 588, 794 P.2d 526 (1990).  It held that if a party quashing a writ of garnishment requests attorney's fees, the quashing court must award them.  The Anglins did not pray form them in the state court action.

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

Washington State law should apply and not claims were split.  This portion of the motion should be denied.

## IV.  Rooker-Feldman

As to Rooker-Feldman, again this is an attempt to reverse the rulings of the court of appeals that the illegal garnishment is a separate cause of action than Defendants' pre-trial conduct which was the subject of the state court counterclaim.  The MTDII does not state what ruling of the state court that Plaintiffs seek to over turn with this lawsuit.  *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031. 1034-1035  (8th Cir. 1999)  reads:

> A federal court must give the same preclusive effect to a state court judgment that the judgment would be given in courts of the rendering state. (Citations omitted) the Supreme Court took this principle a step further and held that lower federal courts *lack jurisdiction* to review state court judgments. The doctrine also deprives lower federal courts of jurisdiction over claims that are "inextricably intertwined" with claims adjudicated in state court. (Citation omitted) On the other hand, a claim -- particularly a claim under federal law -- is not precluded if it is "separable from and collateral to the merits of the state-court judgment." (citation omitted).  Rooker-Feldman if it "succeeds only to the extent that the state court wrongly decided the issues before it [or] if the relief requested … would effectively reverse the state court decision or void its ruling." (Citation omitted).

The Anglins do not seek to reverse any state court decision or void its ruling.  In fact, as will be discussed below, it would seem that Defendants want to reverse the state court decision or void its ruling that quashed the writ of garnishment.  And the request for attorney's fees is collateral to the merits of the state court order quashing the writ of garnishment.

## V.  IRREGULARITY IN STATE COURT PROCEEDINGS.

Defendants with this argument want to reverse  *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L.Ed.2d 395 (1995)  which held that the FDCPA applies to attorneys in litigation.

RESPONSE TO MOTION TO DISMISS – 3/10
Case No. 2:18-CV-00507 – BJR
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

It seeks, in violation of Rooker-Feldman, to overturn or void the state court order quashing the writ of garnishment.  It miscites, *In re Marriage of Angelo*, 142 Wn. App. 622, 175 P.3d 1096 (2008).    No one in *Angelo* was attempting to execute on a judgment.  The appellate court *sua sponte* at oral argument raised the issue of the absence of a trial court CR 54(b) finding, which would make the judgment appealed from an appealable order under CR 54(b).  Neither party had raised this issue in their briefs.  The court, in essence, ruled that because neither party objected and there was no harm, that it would proceed with the appeal.  This is a *sui generis* decision. Understanding this case is important for Defendants use it as a basis for the rest of its arguments. It, *sub silentio*, contends that the state court improperly quashed the writ of garnishment, that therefore the writ of garnishment was valid process and that all of the rules of valid process should apply to it.  *Washburn v. Beatt Equip. Co.,* 120 Wn.2d 246, 300, 840 P.2d 860 (1992) states the importance of a final judgment before a writ of garnishment  may issue and why its issuance was illegal:.

> "Absent a proper certification, an order which adjudicates fewer than all claims or the rights and liabilities of fewer than all parties is subject to revision at any time before entry of final judgment as to all claims and the rights and liabilities of all parties. "

The defendants acted under color of law, *See e.g. Peterson v. Littlejohn,* 56 Wn. App. 1, 781 P.2d 1329 (1989) a 42 U.S.C. 1983 action. *Currier v. First Resolution Investment Co*rp., 762 F.3d 529 (6th Cir. 2014). applied 1692e(5) to a defendant who filed an invalid judgment lien against a consumer's home.  In the instant case Defendants applied for the writ on April 19, 2017; the Court received its first answer on May 1, 2017;  the Anglins filed their exemption claim on May 11, 2017 (Doc 12-1, p. 6); the Anglins filed their Authority on June 7, 2017 (Doc 12-1, p.6); the hearing at which the defendants appeared and the court quashed the writ of

---

RESPONSE TO MOTION TO DISMISS - 4/10
Case No. 2:18-CV-00507 - BJR
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

garnishment was held on July 7, 2017; in spite of the order quashing the writ, the second answer was filed on July 17, 2017 (Doc 12.1, p. 8.).  The Anglins money was tied up for about 75 days.  Other cases applying 15 U.S.C. § 1692e(5) to illegal conduct, such as invalid writs of garnishment are found at Fair Debt Collection (9th ed. 2018)  sec. 7.8.7, n.1123[2]  They hold that consequence follows for improper litigation practices.

The additional cases cited are factually different.  *Carlson v. First Revenue Assurance*, 359 F.3d 1015 (8th Cir. 2004) was a letter case.  *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) was another letter case.  The issue in *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007) was whether a social security "threat of garnishment notice" was a "pleading."  At, 472, 473 it said:

> "his theory assumes that the federal Act regulates the contents of complaints, affidavits, and other papers filed in state court that the state's rules of procedure, not federal law, determine which facts, and how much detail, must be included in documents filed with a clerk of court for presentation to a judge."

The Anglins are not second guessing the state trial court.

---

2.   n. 1123 See also Poirier v. Alco Collections, Inc., 107 F.3d 347 (5th Cir. 1997) (engaging in the unauthorized practice of law violated § 1692e(5)); Stratton v. Portfolio Recovery Assoc., L.L.C., 770 F.3d 443 (6th Cir. 2014) (filing a law suit is a threat within the meaning of § 1692e(5)); McMahon v. LVNV Funding, L.L.C., 744 F.3d 1010, 1020 (7th Cir. 2014) (threat not a necessary element of a § 1692e claim); Baltazar v. Houslanger & Assoc., 2018 WL 3941943 (E.D.N.Y. Aug. 16, 2018), adopted, 2018 WL 4781143 (Sept. 30, 2018) (claims stated for violations of §§ 1692e, 1692e(5), and 1692f where attorney for debt buyer of questionable state court judgment against consumer initiated garnishment, and debt buyer allegedly failed to obtain and send N.Y. mandated notice of assignment from prior creditors); Satran v. LVNV Funding, L.L.C., 2018 WL 2464486 (W.D. Wis. June 1, 2018) (denying motion to dismiss § 1692e claim where debt buyer and its attorneys did not have right to file suit against consumer because notice of right to cure required by Wisconsin statute had not been sent); Scott v. Portfolio Recovery Assoc., 139 F. Supp. 3d 956 (S.D. Iowa 2015) (section 1692e applies not only to threatened illegal actions, but also to illegal actions actually taken, compiling cases; in this case garnishment of the wrong person's wages); Sprinkle v. SB & C Ltd., 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) ("courts have recognized the futility of a statutory scheme that would provide more protection to debt collectors who violate the law than to those who merely threaten or pretend to do so"). Cf. Beeks v. ALS Lien Services, 2014 WL 7785745 (C.D. Cal. Feb. 18, 2014)

---

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

The rest of the cases show the unwillingness of the federal court to second guess the state's actions at and during trial. *DONN v. LEO BENITEZ & BENITEZ & Assocs*., 176 F. Supp. 2d 1301 (M.D. Fla. 2001) was a writ of replevin.  Even though it dismissed certain FDCPA claims, the replevin action was brought in wrong county, a litigation violation, so there was an FDCPA claim.   *Beavers v. Midland Funding, LLC*, No. 4:16-cv-00886-SWW, 2017 U.S. Dist. LEXIS 90465 (E.D. Ark. June 13, 2017) involved pre-judgment actions in state court.   *Lena v. CACH, LLC*, No. 14 C 01805, 2015 U.S. Dist. LEXIS 103007 (N.D. Ill. Aug. 6, 2015) Plaintiff dismissed its case the day of trial because it could not prove its case.   *Drennan v. First Resolution Inv. Corp*., 389 F. App'x 352 (5th Cir. 2010) is not a published case.  Improper pleading under the Texas rules did not create an FDCPA claim.

The Anglins do not allege trial court impropriety or Defendants' impropriety in obtaining the judgment.

>   1692.b(6), 1692e(2)(A), 1692e(5), 1692e(13) and 1692f

The problem with this argument is that the Anglins under CRLJ 54 were not judgment debtors until the state court entered a final judgment. See  *Washburn v. Beatt Equip. Co.,* 120 Wn.2d 246, 300, 840 P.2d 860 (1992).  And according to the docket notes Doc. 12-1,pp 7 &. 8 the state court considered the CRLJ 54(b) issue whether the judgment should be final and ruled that it was not.  If there were a final judgment from which a valid garnishment issued, Defendants' point would be well taken.  The same applies to their argument for 1692c(b).  The event that triggers it, is the entry of a final collectible judgment, which Defendants did not have. The same applies to 1692e(2)(A), 1692e(5), 1692e(13) and 1692f  All of the cases cited therein assume there is a final judgment and that the writ was valid.  It was not.  With these arguments

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

they ignore *Rooker-Feldman* and seek to "effectively reverse the state court decision or void its ruling" *Fiedler, supra.*

## WCPA

The same attempt to ignore Rooker-Feldman underlies Defendants' CPA arguments. They want to use *Angelo, supra,* to reverse the state court ruling that the writ of garnishment was invalid. *Harper v. Collection Bureau of Walla Walla, Inc.,* No. C06-1605-JCC, 2007 U.S. Dist. LEXIS 88993 (W.D. Wash. Dec. 4, 2007), is inapposite. The trial court ruled that a corporate officer's signature created a valid summons. In *Bider, supra*, the issue was whether a social security student loan "threat of garnishment notice" was a pleading. *Mitchell v. Patenaude & Felix APC*, No. C19-809 JLR-TLF, 2019 U.S. Dist. LEXIS 146844 (W.D. Wash. July 15, 2019) was a garnishment on an improperly taken default judgment. Here the court found WCAA violation for the invalid writ asserted that Mitchel owed garnishments costs to which garnishor was not entitled and thus violated RCW 19.16.250(18), which should be added to Anglin's complaint.

## TRADE OR COMMERCE

Defendants miscite *Blake v. Fed. Way Cycle Ctr.*, 40 Wn. App. 302, 698 P.2d 578 (1985). They want to read it for a global exemption for post-filing conduct. In it, plaintiff filed suit, there was an attempted settlement which was never consummated, and plaintiff alleged this post-filing unconsummated settlement agreement as a CPA violation. The court disagreed on these facts. The Anglins never entered into a settlement agreement with the Defendants that was never consummated.

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

*Medialdea v. Law Office of Evan L Loeffler PLLC*, No. C09-55RSL, 2008 U.S. Dist. LEXIS 109013 (W.D. Wash. June 19, 2008) attempted to apply the WCPA to an attorney. Plaintiffs are not attempting to apply the WCPA to Woehler.  *Linehan v. Allianceone Receivables Mgmt*., No. C15-1012-JCC, 2015 U.S. Dist. LEXIS 196344 (W.D. Wash. Nov. 18, 2015) involved litigation that arose from a 1692i(a) venue violation.

INJURY

*Sign-O-Lite Signs v. Delaurenti Florists*, 64 Wn. App. 553, 825 P.2d 714 (1992) ruled that one cannot receive attorney's fees for bringing a WCPA counterclaim in a collection action.  Plaintiff's case is not a counterclaim in a collection action. At 564 it states:

> DeLaurenti's mere involvement in having to defend against Sign's collection action and having to prosecute a CPA counterclaim is insufficient to show injury to her business or property, contrary to the trial court's conclusion.  To hold otherwise would be to invite defendants in most, if not all, routine collection actions to allege CPA violations as counterclaims.

The Anglins' did not pursue a CPA counterclaim in the state court action and are not asking for attorney's fees arising therefrom.  Their attorney's fees arose from  the quashing  of an invalid garnishment which deprived them of their money for about 75 day.  Such injury does not fall within the ambit of *Sign-O-Lite.*

*Babrauskas v. Paramount Equity Mortg*., No. C13-0494RSL, 2013 U.S. Dist. LEXIS 152561 (W.D. Wash. Oct. 23, 2013). supports that the Anglins were injured when they had to hire an attorney to quash the writ of garnishment.  *12 it states:

> "Finally, the fees and costs incurred in litigating the CPA claim cannot satisfy the injury to business or property element: if plaintiff were not injured prior to bringing suit, he cannot engineer a viable claim through litigation.

RESPONSE TO MOTION TO DISMISS – 8/10
Case No. 2:18-CV-00507 – BJR
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

The Anglins did not generate a CPA claim through litigation.  The Anglins were injured before they brought  the instant lawsuit.  Merchants Credit Corporation created the injury\it with the wrongful garnishment.

*Moritz v. Daniel N. Gordon, P.C.,* 895 F. Supp. 2d 1097 (W.D. Wash. 2012), *Gray v. Suttell & Assocs.*, No. CV-09-251-EFS, 2012 U.S. Dist. LEXIS 43885 (E.D. Wash. Mar. 28, 2012)  *Flores v. Rawlings Co., LLC*, 117 Haw. 153, 177 P.3d 341 (2008),  *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 48 Cal. Rptr. 3d 770 (2006)  involved some questionable collection practices.  There were final judgments. There were valid garnishments.  They hold that garnishing money money based on a final judgment with a valid garnishment to pay a debt that the debtor owes, is not injury for RCW 19.86 purposes.

*Paris v. Steinberg & Steinberg*, 828 F. Supp. 2d 1212 (W.D. Wash. 2011)  was an attempted class action where plaintiff did not allege injury.

SUMMARY

1.  Plaintiffs' withdraw the negligence claim;

2.  Plaintiffs have not alleged a WCPA claim against Jason Woehler;

3.  Plaintiffs have not split a claim and are not asserting a Rooker-Feldman violation.  In fact, the defendants are alleging Rooker-Feldman violations;

4.  Plaintiffs have alleged sufficient facts which, if proven, meet the *Twombly* and *Iqball* standard of factual specificity for the following causes of action:

a.  A WCAA and a WCPA claim against Merchants Credit Corporation;

b.  15 U.S.C . 1692b(6), 1692c(b), 1692e(2)(A), 1692e(5), 1692e(13) and 1692f claims against Merchants Credit Corporation and Jason Woehler;

5.  The case should be put at issue, there should be no more 12(b)(6) motions, and if the court deems an amended complaint useful,  Plaintiffs should be allowed to file one. .

RESPONSE TO MOTION TO DISMISS - 9/10
Case No. 2:18-CV-00507 - BJR
Anglin

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org

1

2
     DATED this 26th day of May 2020.

3
                       */s /* James Sturdevant

4
                       James Sturdevant WSBA #8016
                       Attorney for the Plaintiffs

5

6
                     CERTIFICATE OF SERVICE

7

8
     I hereby certify that on this 26th day of May 2020,  I electronically filed the foregoing Response to (Second) Motion to Dismiss using the CM/ECF system which will send notification to all attorneys of record.

9

10
                       /S/ James Sturdevant

11
                       James Sturdevant WSBA #8016
                       Attorney for the Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JAMES STURDEVANT
ATTORNEY AT LAW
119 N. Commercial St. Ste. 920
Bellingham, WA 98225
ph (360) 671-2990 fax (360) 483-5970
email: sturde@openaccess.org