UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEIDI and ERNEST ANGLIN<br><br>Plaintiffs,<br><br>v.<br><br>MERCHANTS CREDIT CORPORATION, *et al*.<br><br>Defendants. | Case No.: 18-cv-507-BJR<br><br>ORDER DENYING MOTION TO ALTER JUDGMENT |

## I.     INTRODUCTION

Heidi and Ernest Anglin ("Plaintiffs") brought this action against Merchants Credit Corporation ("Merchants") and Jason Woehler ("Woehler") (collectively, "Defendants"), alleging that Defendants violated state and federal statutes and acted negligently when they obtained a writ of garnishment against Ms. Anglin as part of a debt collection action. Dkt. No. 2. On July 15, 2020, the Court granted Defendants' motion to dismiss the second amended complaint and judgment was entered against Plaintiffs. Dkt. Nos. 74-75. Currently before the Court is Plaintiffs' motion to alter and/or amend judgement under Federal Rule of Civil Procedure ("FRCP") 59(e). Dkt. No. 76. Having reviewed the motion, the record of the case, and

the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

## II. LEGAL STANDARD

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy," available only in limited circumstances. *Rishor v. Ferguson*, 822 F.3d 482, 491-2 (9th Cir. 2016); *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (noting that motions for reconsideration are disfavored). A motion under Rule 59(e) may be granted only where "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based, 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Hiken v. Department of Defense*, 836 F.3d 1037, 1043 (9th Cir. 2016) (internal citations and quotations omitted) (emphasis deleted). A Rule 59(e) motion may not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Nor should a motion for reconsideration be used to ask the court to rethink what it has already thought through." *Keller v. Berryhill*, 2018 WL 6112560, *2 (C.D. Cal. Jan. 8, 2018). "Rule 59(e) is intended to afford relief to parties only in 'highly unusual circumstances.'" *Id*. (quoting 389 *Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## III. DISCUSSION

Plaintiffs do not meet their burden under FRCP 59(e). Indeed, Plaintiffs do not even identify on what ground they believe the judgment should be modified: manifest error, newly discovered evidence, or an intervening change in the law. Instead, Plaintiffs simply rehash the

arguments they raised in their opposition to the motion to dismiss the second amended complaint—arguments this Court has already considered and rejected—or cite to legal authority that Plaintiffs could have raised in their opposition to the motion. Neither is the proper basis for a Rule 59(e) motion. "A Rule 59(e) motion is not an opportunity for a party to get a 'second bite at the apple' *i.e.*, an opportunity to re-argue an issue already presented to the court or to raise new arguments that could have been raised in the original briefs." *Keller v. Berryhill*, 2018 WL 6112560, *2 (C.D. Cal. Jan. 8, 2018) (quoting *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)). Accordingly, Plaintiffs' motion must be denied.

### IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to alter and/or amend judgment. Dkt. No. 76.

Dated this 19th day of August 2020.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge